UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SPECTRUM SCAN, LLC, </br></br>         Plaintiff, </br></br>    v. </br></br> AGM CALIFORNIA, et al </br></br>         Defendants. | 1:09-cv-02256-AWI-JLT </br></br> ORDER GRANTING ORAL STIPULATION TO MODIFY SCHEDULING ORDER |

On November 17, 2010, the Court conducted the mid-discovery status conference. In their joint status conference statement prepared for the conference, the parties alerted the Court of a discovery difficulty they were having. (Doc. 25 at 2-3) One of the defendants has been unavailable for discovery and will continue to be unavailable until late-December due to the serious illness of his spouse. Id. The Plaintiffs expect that taking the deposition of this defendant will lead to other discovery that will need to be completed and the time available to do this, before the current discovery deadline, will be insufficient. Id. at 3. As a result, the parties requested the Court amend the Scheduling Order to extend the non-expert discovery deadline to May 25, 2011. Id. Counsel reiterated these difficulties at the conference.

Scheduling orders "are the heart of case management," Koplove v. Ford Motor Co., 795 F.2d 15, 18 (3rd Cir. 1986), and are intended to alleviate case management problems. Johnson v.

1 Mammoth Recreations, 975 F.2d 604, 609 (9th Cir. 1992).  A "scheduling conference order is not a
2 frivolous piece of paper, idly entered, which can be cavalierly disregarded without peril."  Id.
3 "Indeed, a scheduling order is the critical path chosen by the trial judge and the parties to fulfill the
4 mandate of Rule 1 in 'securing the just, speedy, and inexpensive determination of every action.'"
5 Marcum v. Zimmer, 163 F.R.D. 250, 253 (S.D. W.Va. 1995).  Federal Rules of Civil Procedure
6 16(b)(4) provides, "A schedule may be modified only for good cause and with the judge's consent."
7 This "good cause" standard requires that "the focus of the inquiry [be] upon the moving party's
8 reasons for seeking modification." Johnson, 975 F.2d at 610.

9    The Court finds that Plaintiff has been unable to conduct meaningful discovery due to the
10 unavailability of Defendant Hearne through no fault of any party.  Therefore, the Court will **GRANT**
11 the parties' joint request to modify the Scheduling Order to extend the non-expert discovery deadline
12 to May 25, 2011.

14 IT IS SO ORDERED.
15 Dated:   **November 17, 2010**                                      **/s/ Jennifer L. Thurston**
                                                                      UNITED STATES MAGISTRATE JUDGE